IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL CUNNINGHAM,**

      Plaintiff,

v.                        **CIVIL ACTION NO.: 5:24-CV-31**

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC,**
and **MORTGAGE SOLUTIONS OF COLORADO, LLC,**
d/b/a Mortgage Solutions Financial,

      Defendants.

## ORDER GRANTING MOTION TO DISMISS

Pending before this Court is defendant Mortgage Solutions of Colorado, LLC's Motion to Dismiss Complaint [Doc. 10] and accompanying Memorandum in Support [Doc. 10-1], filed March 19, 2024. Plaintiff Michael Cunningham filed a Response in Opposition [Doc. 19] on April 1, 2024. Defendant Mortgage Solutions of Colorado, LLC filed a Reply [Doc. 21] on April 8, 2024. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, this Court will grant the Motion.

## BACKGROUND

Plaintiff Michael Cunningham ("plaintiff") filed his complaint [Doc. 1] based on defendant Mortgage Solutions of Colorado, LLC's ("defendant Mortgage Solutions") alleged failure to investigate credit reporting misrepresentations that accrued in December 2022.

1

[Id. at ¶ 9].¹ Over the year following this alleged failure, plaintiff alleges he made numerous complaints about erroneous reporting to defendant Mortgage Solutions to no avail. [Id. at ¶¶ 9–10].

According to plaintiff, his claims all take place and arise after he disputed the information in December 2022, and none of his claims relate to claims prior to October 2022. [Id. at ¶ 9]. After he disputed the allegedly inaccurate information related to his mortgage with defendants Equifax Information Services, LLC ("defendant Equifax") and Experian Information Solutions, Inc. ("defendant Experian"), plaintiff alleges defendant Mortgage Solutions failed to reasonably investigate defendants Equifax's and Experian's disputes, failed to review all relevant information provided by the consumer reporting agencies, and failed to modify information that was found to be inaccurate, incomplete, or could not be verified, and it continued to permit the delinquent and inaccurate information on the account. [Id. at ¶¶ 23, 27, 29–32, 35–44, 49, 51–53, 55, 58–59]. As a result, plaintiff further alleges claims against defendant Mortgage Solutions for its failure to properly investigate his disputes and to review all relevant information provided by the credit reporting agencies. [Id. at ¶ 10].

After learning that defendant Mortgage Solutions account was inaccurately appearing on his credit report in December 2022, March 2023, and August 2023, plaintiff mailed dispute letters to defendants Experian, Equifax, and Mortgage Solutions. [Id. at ¶¶ 24, 25, 36, 39–44, 48, 50–53, 55–58]. In response to the disputes, plaintiff asserts

---

¹This "Background" section is based almost entirely on plaintiff's complaint, as this Court must accept those allegations as true as this stage of litigation. See **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009).

2

defendant Mortgage Solutions failed to adequately investigate them, and instead, verified its inaccurate reporting to defendants Equifax and Experian. [Id. at ¶¶ 29–32, 35, 42–43, 53–54]. Meanwhile, on July 28, 2023, defendant Mortgage Solutions communicated to Trans Union that plaintiff's mortgage loan account should be deleted. [Id. at ¶ 49].

Based on these allegations, plaintiff brings claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681s–2(b) ("the FCRA"). [Doc. 1 at Counts III, IV, V]. Moreover, plaintiff contends that as a result of defendants' conduct, he has suffered actual damages, including a denied use of credit, decreased credit score, negative credit reporting, the inability to obtain credit, embarrassment, humiliation, and other emotional distress. [Doc. 1 at ¶ 59].

## **LEGAL STANDARDS**

**I.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of plausibility). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Twombly*, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[] their claims across the line from conceivable to plausible.").

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## II. Relevant FCRA Provisions

To assert a prima facie violation and defendant's liability as a "furnisher" of credit information, a plaintiff must: "demonstrate that (1) he notified a [credit reporting agency] of the disputed information, (2) the [credit reporting agency] notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Jackson v. JP Morgan Chase Bank N.A.*, 2022 WL 1663565, at *2 (D. Md. May 25, 2022) (Hazel, J.) (quoting *Tolson v. Democracy Fed. Credit Union*, 2020 WL 406939, at *2 (D. Md. Jan. 24, 2020) (Xinis, J.) (internal citation omitted)).

## DISCUSSION

I.  **Matters Outside the Pleadings**

   A.  **The Parties' Arguments**

As an initial matter, this Court must address defendant Mortgage Solutions attachment of two exhibits beyond the current pleadings. More specifically, defendant Mortgage Solutions has included (1) a Settlement Agreement executed as a result of substantially similar prior litigation in the Circuit Court of Brooke County, West Virginia, and (2) a copy of the complaint from that action. See [Docs. 10-3 and 10-2].

Defendant Mortgage Solutions contends, *inter alia*, that these documents are properly before this Court for consideration because those documents were incorporated into the present complaint "by reference" and those documents are matters of the type "which a court may take judicial notice." [Doc. 21 at 2 (citing ***Kashdan v. George Mason Univ.***, 70 F.3d 694, 700 (4th Cir. 2023)].

Relying on Fed. R. Civ. P. 12, plaintiff counters that these attachments are not proper for consideration while evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).[2] In support, plaintiff asserts he has been prejudiced by defendant Mortgage Solutions' inclusion of these exhibits as he has not had the opportunity to conduct depositions or other discovery related to the timing of those exhibits as they relate to his

---

[2]Notably, Fed. R. Civ. P. 12(d) provides:

> RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS: If, on a motion under Rule 12(b)(6) or 12(), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

5

claims. [Doc. 19 at 5]. Moreover, plaintiff argues that, to the extent defendant Mortgage Solutions seeks to proffer integral documents through its inclusion of these exhibits, it "fails to include the other documents that are pled as part of plaintiff's complaint, like the notice it provided to the credit reporting agencies to delete relevant tradelines, or the communications it otherwise had to and from the credit reporting agencies." [Id.]. As such, plaintiff argues that the pending motion should either be converted to a motion for summary judgment, with a reasonable opportunity to develop the evidence through discovery, or the attached exhibits should be stricken for the record for consideration of the pending motion. [Id.].

### B. Incorporation into the Complaint

Upon consideration of the arguments asserted by the parties, this Court agrees with defendant Mortgage Solutions in that its attached Settlement Agreement comprises documentation that has wholly been incorporated into the pending complaint by explicit reference throughout the pleading. For example, plaintiff made explicit reference to the prior lawsuit and the resulting Settlement Agreement through his complaint. Plaintiff alleges that defendant Mortgage Solutions had obligations concerning tradeline deletions as part of that agreement, alleging that he "settled a lawsuit against [d]efendant Mortgage Solutions" and that, as part of the settlement "Mortgage Solutions agreed to delete the reporting tradeline that arose from 2019 onwards." [Doc. 1 at ¶¶ 19–20]. These statements effectively incorporated the Settlement Agreement into the pending complaint by explicit reference. As such, plaintiff's incorporation of the Settlement Agreement as imposing a duty upon defendant Mortgage Solutions with respect to tradeline deletions allows this

Court to consider the Settlement Agreement in this lawsuit without converting the pending Motion into a motion for summary judgment.

This Court bases its finding on the apparent and ever-growing body of case law indicating that courts may consider documents not attached to, but referenced in respective complaints, when testing the legal sufficiency of those pleadings at the Fed. R. Civ. P. 12(b)(6) stage. As indicated by Judge Spencer, "Cases from around the nation suggest that most courts have declared such reliance permissible without converting the motion into one for summary judgment." **Gasner v. County of Dinwiddie**, 162 F.R.D. 280, 282 (E.D. Va. 1995) (Spencer, J.) (citing **Branch v. Tunnell**, 14 F.3d 449, 453–54 (9th Cir. 1995) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered"), *overruled on other grounds*, **Galbraith v. County of Santa Clara**, 307 F.3d 1119 (9th Cir. 2002)); *see also* **Watterson v. Page**, 987 F.2d 1, 3 (1st Cir. 1993) (recognizing narrow exception to conversion rule for documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiffs' claim, and documents sufficiently referred to in the complaint); **Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.**, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); **Venture Assoc. Corp. v. Zenith Data Systems Corp.**, 987 F.2d 429, 431 (7th Cir. 1993) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim); **Cortec Indus. Inc. v. Sum Holding**

***L.P.***, 949 F.2d 42, 48 (2d Cir. 1991) (conversion not required "[w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint"); ***Teagardener v. Republic-Franklin Inc. Pension Plan***, 909 F.2d 947, 949 (6th Cir. 1990) (complaint's extensive quotation of unattached document permitted court to consider language and interpretation of document when defendant tendered it on motion to dismiss); ***Carter v. Baltimore County, Maryland***, 39 F.App'x 930 933 (4th Cir. 2002) (noting instances in which a court may consider documents unattached to complaint in the context of a Fed. R. Civ. P. 12(b)(6) motion without converting).[3] Accordingly, this Court's consideration of the Settlement Agreement at this stage of litigation is appropriate for consideration under the pending Fed. R. Civ. P. 12(b)(6) Motion.

Similarly, this Court agrees with defendant Mortgage Solution's position regarding consideration of the complaint from the prior action in the Circuit Court of Court of Brooke County, West Virginia. "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" ***Chesapeake Bay Foundation, Inc. v. Severstal Sparrows Point, LLC***, 794 F.Supp.2d 602, 611 (D. Md. 2011) (Motz, J.) (quoting ***Philips v. Pitt Cnty. Mem'l Hosp.***, 572 F.3d 176, 180 (4th Cir.

---

[3]No party has raised the argument that the Settlement Agreement in question in unauthentic.

2009)). Accordingly, this Court will take judicial notice of the complaint from the prior action without converting the pending Motion to one for summary judgment.[4][5]

## II. Res Judicata

### A. The Parties' Arguments

Defendant Mortgage Solutions' chief argument in support of its Motion to Dismiss is that the doctrine of res judicata bars the current litigation. [Doc. 10-1 at 6–9]. More specifically, defendant Mortgage Solutions argues that the pending causes of actions against it were explicitly covered by the terms of the Settlement Agreement because they relate to the allegations in the prior lawsuit occurring in the Circuit Court of Brooke County, West Virginia. [Id. at 7–9].

Conversely, plaintiff contends that res judicata does not apply to bar the pending claims because these claims were not and could not have been raised in any litigation prior to December 2022. [Doc. 19 at 6–7].

### B. The Settlement Agreement Precludes Plaintiff's Pending Claims Under Res Judicata

The doctrine of res judicata, or claim preclusion, will bar a subsequent action where there is: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privities in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013)

---

[4]In all probability, this Court could have likely considered the complaint from the prior action through its integration analysis applied to the Settlement Agreement.

[5]Plaintiff's argument that he has somehow been prejudiced by defendant's inclusion of documentation from the prior lawsuit is wholly belied by the fact that plaintiff was a party in both cases.

(quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). Here, there is no dispute that there was a final judgment issued on October 5, 2022, in the Circuit Court of Brooke County, West Virginia.[6] Additionally, plaintiff and defendant Mortgage Solutions were both parties to the prior action in the Circuit Court of Brooke County, West Virginia, in the same relative positions, thereby creating an identity of parties.

While the doctrine of res judicata typically requires this Court to look to a prior judgment to determine the scope of preclusion, "the traditional res-judicata inquiry is modified in cases where the earlier action was dismissed in accordance with a release or other settlement agreement." *United States ex. rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 913 (4th Cir. 2013). Such a judgment "receives its legitimating force from the fact that the parties consented to it." *Id.* (quoting *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004)). Accordingly, "the preclusive effect of the earlier judgment is determined by the intent of the parties." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990). Therefore, this Court must examine the terms of the Settlement Agreement to determine whether plaintiff's present claims against defendant Mortgage Solutions are barred by res judicata.

> **1. The Cause of Action Regarding the Tradeline Reporting is Covered by the Terms of the Settlement Agreement Because They Directly Relate to the Allegations in the Prior Lawsuit.**

Under West Virginia law, a settlement agreement is interpreted in the same manner as any other contract. *Donahue v. Mammoth Restoration & Cleaning*, 246 W.Va. 398,

---

[6]Under West Virginia law, a judgment dismissing the case pursuant to a settlement is considered a final judgment on the merits. *See State ex rel. Prince v. W. Virginia Dep't of Highways*, 156 W.Va. 178, 182, 195 S.E.2d 160, 162 (1972).

404, 874 S.E.2d 1, 7 (2022). The meaning and intent of the parties in executing a contractual agreement is determined by the "unambiguous language in their written contract." Syl. Pt. 5, ***Dan's Carworld, LLC v. Serian***, 223 W.Va. 478, 677 S.E.2d 914 (2009). Because the Settlement Agreement's language covers all claims or causes of action relating to allegations stemming from the prior complaint and plaintiff's home, it clearly precludes the pending FCRA claims presently brought against defendant Mortgage Solutions.

As identified by defendant Mortgage Solutions, the scope of claims and actions covered by the Settlement Agreement is sweeping. In the Settlement Agreement, plaintiff and defendant Mortgage Solutions agreed that:

> In exchange for the aforesaid payment and the mutual promises of the [d]efendants and [plaintiff], [plaintiff] agree[s] to release, acquit and forever discharge the [d]efendants and BSI and their subsidiaries, affiliates, attorneys, insurers, brokers, principals, officers, members, managers, directors, shareholders, partners, agents, employees, contractors, successors, assigns, guarantors, sureties, and representatives of and from any and all claims, demands, actions or causes of action of whatsoever kind or character relating to the allegations contained in the [c]omplaint and/or the Subject Property[.]

[Doc. 10-3 at 2]. Further, the Settlement Agreement continues:

> It is expressly understood and agreed by [plaintiff] that this Release is a full and complete release, which is intended to include and apply to all causes of action and claims of any kind (whether under federal law, state law or

11

> common law), which were raised or which could have been raised against the [d]efendants or BSI in the Complaint, whether known or unknown, and to all damages of any kind (including, but not limited to, compensatory, statutory, consequential and punitive damages, penalties, and attorneys' fees and costs) incurred in any manner, direct or indirect, whether or not currently known, against [d]efendants and/or BSI, which relate in any way to the Complaint.

[Id. at 3]. Taken together, these agreements preclude not only a relitigating of the claims asserted in the complaint lodged in the Circuit Court of Brooke County, West Virginia, but also prevent the bound parties from raising any future actions against defendant Mortgage Solutions for damages which result from the facts underlying that prior complaint. As already noted, the prior complaint centered on a dispute regarding a refinance loan provided to plaintiff by defendant Mortgage Solutions. *See generally*, [Doc. 10-2]. The Allegations in that complaint included statements regarding plaintiff's temporary financial hardship and lack of payments on the loan for several months in 2019 and the filing of loss mitigation applications. [Id. at ¶¶ 81–98]. These issues regarding repayments on the 2018 loans are what led to the creation of the tradeline at the center of the current action against defendant Mortgage Solutions. As a result, the claims against defendant Mortgage Solutions relating to the April 2019 tradeline are clearly within the scope of those prohibited by the sweeping Settlement Agreement, as they clearly relate to the overlapping allegations.

### 2. The April 2019 Tradeline at Issue was Directly Addressed in the Settlement Agreement.

Further, not only does the tradeline at issue fall within the scope of the Settlement Agreement's release provisions, but it is also plainly addressed in the Settlement Agreement itself. [Doc. 10-3 at 2]. However, contrary to plaintiff's assertion in the pending complaint, the provision addressing the tradeline does not require defendant Mortgage Solutions to request its deletion.[7] Rather, the Settlement Agreement states that "BSI and TMS shall request removal of any tradelines reported since April 2019." [Id. at 2]. In agreeing to this term, plaintiff expressly acknowledged that "the Credit Bureaus . . . are separate entities from [d]efendants" and that defendant Mortgage Solutions "cannot guarantee, warrant, or take responsibility for the performance or failure of the Credit Bureaus." [Id. at 6].

These provisions serve as further evidence that the April 2019 tradeline at issue clearly falls within the Settlement Agreement's scope. The tradeline was not only contemplated by the Settlement Agreement's terms, but it was expressly addressed by the parties. As a result, although plaintiff did not raise an FCRA claim in the complaint before the Circuit Court of Brooke County, West Virginia–nor could he have–the tradeline that forms the subject matter of his current FCRA claim existed and was addressed by the

---

[7]Where there is a conflict between the complaint's allegations and the contents of a document integral to the complaint, the integral document's contents will prevail under the "exhibits-prevails rule." *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 167 (4th Cir. 2016) ("When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper.") (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233–35 (4th Cir. 2004)).

13

parties in their binding settlement. This express inclusion of the April 2019 tradeline in the Settlement Agreement establishes that plaintiff's current claims against defendant Mortgage Solutions are barred by the prior Settlement Agreement under the principles of res judicata articulated herein.

## CONCLUSION

For these reasons[8], defendant Mortgage Solutions of Colorado, LLC's Motion to Dismiss Complaint [**Doc. 10**] is **GRANTED**. The Clerk is **ORDERED** to dismiss plaintiff's complaint *insofar as it pertains to* defendant Mortgage Solutions **WITH PREJUDICE**, and to **STRIKE** defendant Mortgage Solutions as a defendant in this matter.

It is so **ORDERED**.

The Clerk is instructed to provide copies of this Order to all counsel of record.

**DATED**: April __11__, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[8]Defendant Mortgage Solutions has also argued, alternatively, that plaintiff's claims against it should be dismissed for failure to adequately plead. [Doc. 10-1 at 9–12]. This Court need not address those arguments as they have essentially been rendered moot by this Court's findings as to res judicata.